**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JANA STOWERS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:24-cv-01000-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of Movant's response to the order to show cause.[1] Having carefully reviewed Movant's response, the Court concludes that her arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on motions by prisoners seeking to modify, vacate, or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year time limit generally begins to run on the date the prisoner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255.

Movant does not dispute that her conviction became final on December 20, 2020, and her time for filing her § 2255 motion was on or before December 20, 2021. She filed her § 2255 motion on May 30, 2024, which is out of time. Nevertheless, Movant asks the Court to excuse her untimely

---

[1] On August 16, 2024, the Court ordered Movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred.

1

filing. This would require the Court to apply the equitable tolling doctrine to excuse her untimely filing of this § 2255 motion. The Court finds equitable tolling is not warranted in this case.

The Eighth Circuit has established two tests for determining when equitable tolling of the limitation period for filing a motion to vacate is appropriate: (1) whether extraordinary circumstances beyond the movant's control kept her from filing a timely motion; or (2) whether the movant relied on government conduct that lulled her into inaction. *See United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (citations omitted). Additionally, equitable tolling should only apply where the movant has demonstrated diligence in pursuing the matter.

Movant relies on the first of the two tests, that "extraordinary circumstances" should excuse her untimeliness. Movant states that she did not file a timely § 2255 motion because "my lawyer didn't fight for me how he should [have]. I feel like I had a lot of gaps in my case like the cameras shows that I wasn't the carjacker . . . I never planned anything with [the carjacker]."

The Eight Circuit has refused to apply equitable tolling in situations where the movant complained about his attorney. *See Muhammad v. United States*, 735 F.3d 812, 815-16 (8th Cir. 2013) (finding an attorney's negligence or mistake is not generally an extraordinary circumstance, "however serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling.") (internal quotations omitted) (citing *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005)). Here, Movant takes issue with her attorney's advocacy and zeal in her underlying criminal case. Based on Eighth Circuit case law, however, this is not enough to establish extraordinary circumstances. For example, Movant does not allege her attorney lied to her, refused to communicate with her, neglected filing any documents, or did not return legal paperwork. *See Martin*, 408 F.3d at 816. Nor does she allege any serious attorney misconduct. *Id.* The Court finds

that Movant has not demonstrated extraordinary circumstances beyond her control, making it impossible to file her § 2255 motion on time.

Finally, Movant has not addressed whether she acted with due diligence. Movant does not explain why her motion was more than two years late or how she was diligent in pursuing her rights during this time. For these reasons, the Court finds that the doctrine of equitable tolling does not apply, and Movant's motion must be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. *See* Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2024.

3